UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA VORWOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20CV856 JCH |
| ) | |
| AMERICAN SIGNATURE, INC., ) | |
| d/b/a VALUE CITY FURNITURE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Petition (hereinafter "Complaint"), filed September 23, 2020. (ECF No. 16). The motion is fully briefed and ready for disposition.

By way of background, Plaintiff filed her original Complaint in this matter on or about May 21, 2020, in the Circuit Court of St. Louis County, Missouri. (ECF No. 5). Plaintiff lodged claims for premises liability and negligence against Defendant American Signature, Inc. Defendant removed the action to this Court on June 29, 2020, on the basis of diversity jurisdiction. (ECF No. 1).[1]

On September 23, 2020, Plaintiff filed the instant Motion for Leave to File First Amended Complaint, in which she requests leave to add Gregory Meyer as a Defendant in this matter. (ECF No. 16). Plaintiff's proposed First Amended Complaint alleges "Defendant

---

[1] Plaintiff Donna Vorwold alleged in her Complaint that at all relevant times, she was a resident of the State of Missouri. Defendant American Signature, Inc. is and was a citizen of Ohio for purposes of diversity jurisdiction.

1

Gregory J. Meyer ("Meyer") is an individual and has been a citizen and resident of the State of Missouri at all times pertinent hereto including at the time of filing of this action and the time of removal of this action." (*See* ECF No. 16-1, ¶ 3). According to Plaintiff, Mr. Meyer was a manager of the Value City store in which Plaintiff suffered her injury, actively engaged in the upkeep, repair and maintenance of the premises, and that as such, he may have caused or contributed to cause the unsafe condition that led to Plaintiff's fall. Plaintiff thus seeks to amend her Complaint, to include a count for negligence against Mr. Meyer.

## **DISCUSSION**

Fed.R.Civ.P. 15(a)(2) authorizes a plaintiff to amend her Complaint with the Court's leave, and the Court "should freely give leave when justice so requires." 28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

In response to Plaintiff's motion, Defendant notes that because the store manager who Plaintiffs seeks to add as a party defendant was an employee of Defendant American Signature, Inc., acting within the scope and course of his employment at the time of the incident, Defendant could be held liable for his alleged negligence under the doctrine of respondeat superior. Defendant therefore opposes the amendment, claiming Plaintiff's sole intent in naming the store manager as a Defendant is to destroy diversity jurisdiction and seek remand.

Missouri law recognizes certain circumstances under which an employee may be held personally liable to a third party, as follows:

> First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. A second situation involves liability on the part of the employee

> who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control.

*State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. App. 1992) (citations omitted) (quoted in *Gilmore v. Lowe's Home Centers, Inc.*, No. 1:12CV47 SNLJ, 2012 WL 5351594, at *3 (E.D. Mo. Oct. 30, 2012)).

Upon consideration of the foregoing, the Court finds that with her First Amended Complaint, Plaintiff here has adequately pleaded a state law claim against the resident Defendant. *See Gilmore*, 2012 WL 5351594, at *3. In other words, Plaintiff alleges (and Defendant does not dispute) that Mr. Meyer personally engaged in negligent behavior, by "choosing not to use reasonable care to remedy, barricade, guard against, mark or warn of the dangerous condition, when Defendant [Meyer] knew or in the exercise of reasonable or ordinary care could have known about the dangerous conditions; choosing not to carefully inspect the floor for dangerous conditions, such as the one presented by the wooden support slats causing a tripping hazard; and choosing to allow there to be wooden support slats on the floor where invitees normally walk, causing Plaintiff to trip, fall, and suffer injuries." (*See* First Amended Complaint, ¶ 27). Mr. Meyer therefore might be liable under Missouri law for having been "negligent with respect to something over which he did have control," *Kyger*, 831 S.W.2d at 956, and so the Court will grant Plaintiff's motion for leave to amend her Complaint in order to join Mr. Meyer as a Defendant. Further, because his joinder destroys complete diversity of citizenship and subject matter jurisdiction, the Court will remand the case to the Court from which it was removed pursuant to 28 U.S.C. § 1447(e). *See Halilovic v. Krinninger*, No. 4:17CV1794 RWS, 2017 WL 3581601, at *3 (E.D. Mo. Aug. 18, 2017).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 16) is **GRANTED**, and Gregory Meyer is added as a Defendant to this action.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri.  An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this 21st Day of October, 2020.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE